The opinion of the court was delivered by
Watkins, J.
The defendant, having been indicted for the murder of John Clayton, was tried and convicted of manslaughter, and sentenced to imprisonment in the penitentiary, at hard labor, for a period of six years, and.from that verdict and sentence he prosecutes this appeal.
*1310 The only question which is presented for decision is the admissibility vel non of an alleged dying declaration of the deceased which was offered in evidence at the trial. The record discloses that during the progress of the trial there was offered on the part of the State what purported to be the dying declaration of the deceased, to the introduction of which the defendant’s counsel objected on the sole ground that the paper presented as a dying declaration was not one in point of fact, because it had not been written by a person authorized to take dying declarations; and said objection having been overruled and the paper admitted in evidence, he reserved a bill of exceptions to the ruling of the court.
The bill of exceptions states that defendant’s counsel objected to the introduction in evidence of a paper purporting to be a dying declaration “ on the ground that said paper, on its face, was illegal and inadmissible, the body being in one handwriting and the signature of the justice of the peace in another — said instrument showing that the body of the instrument was'in the handwriting of a third person,” etc. That the instrument of writing having been written by a third person, and only signed by a justice of the peace authenticating the signature of the deceased, it was mere hearsay and secondary evidence, and for that reason, should not go to the jury.
That prior to the introduction of that paper in evidence, Thomas H. Stuckey was sworn as a witness and testified that while he had received the declaration it had been reduced to writing by the physician who was attending upon the deceased, because the latter wrote a more legible hand than he did.
On overruling the defendant’s objection the trial judge made the following assignment of his reasons for admitting the paper in evidence, viz.:
“ Before the dying declaration referred to was offered by the District Attorney and objected to by the defendant’s counsel, the justice of the peace, Stuckey, who received the declaration, testified that he had the same reduced to writing by the attending physician, because the latter wrote a more legible handwriting, and for no other reason. He declared, however, that all the dying man said was contained in the dying declaration, which he read over to him after he had finished making it, and that the whole was done in his presence and in his hearing and under his supervision.
“In view of the foregoing and the fact that the justice avers that *1311 the dying man said what the declarations contained, I admitted the same in evidence.”
The objection only relates to iheform of the declaration, and does not extend to its substance. It does not raise the question as .to whether a proper basis had been laid, preliminarily, for its introduction in evidence.
The paper is brought up in the original, and is appended to the transcript; and it appears to have been signed by John Clayton, the deceased, by his mark, in the presence of the Justice of the Peace.
To the paper is appended, immediately after the signature of the deceased, this jurat, viz.:
“ In testimony whereof I have hereunto set my hand the day and year first above written.
“ (Signed.)
Thos. H. Stuckey,
“ Justice Peace, Tenth Ward.”
Same is commenced by the following caption, namely:
"State of Louisiana, Parish of Ascension. Be it known that on this 3d day of October, 1895, at 10:30 o’clock A. m., I, Thomas H. Stuckey, a Justice of the Peace, in and for the parish of Ascension, at the request of William Nettles, went to the house of William Nettles, in the parish aforesaid, to take the dying declarations of John Clayton; and it appearing to me that any statement the said John Clayton might desire to make would be made with a full consciousness of ap - proaching death, I then and there proceeded to take the dying declaration of the said John Clayton,” etc.
We are aware of no particular form in which a dying declaration must be couched; and counsel has referred us, in his brief, to no decision which suggests the necessity of any particular form, or ceremonial, to be observed in order that same be rendered admissible in evidence.
On the contrary, Mr. Bishop lays down the rule that the dying declaration may be “ written or oral, be sworn to or not, come through an interpreter, be by a mere pressure of the hand or otherwise. If made before death seemed impending, they will be rendered good by repetition or assent afterward. If in writing, the writing must be produced in evidence of them. -If oral, they may be orally proved, and the evidence will suffice.
“ When the declarant leaves a statement so far unfinished that it appears probable he meant to qualify it by something further, it *1312 is .not admissible; but his inability, or mere omission to go over the whole transaction, or to speak to another part of it, will not exclude from the jury what he has said.” 1 Bishop Crim. Proc., Sec. 1213; Wharton’s Crim. Ev., Secs. 287, 293; Commonwealth vs. Casey, 11 Cushing, 417; State vs. Daniel, 31 An. 91; State vs. Somnier, 33 An. 237.
Dying declarations are admissible whether made to an officer or to private persons, and they are none the less admissible because they have been made to the attending physician. State vs. Trivas, 32 An. 1086; Whar. Crim. Ev., Sec. 300; 1 Bish. Crim. Pr., Sec. 1213; State vs. Alexander Viaux, 8 An. 514.
In the course of the opinion of the Massachusetts court, in Com. vs. Casey, supra, is found this very pertinent paragraph, viz.:
“If the injured party had but the action of a single finger, and with that finger pointed to the words yes or no, in answer to questions, in such a manner as to render it probable that she understood, and was at the time conscious that she could not recover, then it is admissible testimony.”
And the court held, in Jones vs. State, 71 Indiana, 66, that “where dying declarations are communicated by signs to one, and reduced to writing by another, but afterward read over to and signed by the deceased, who said they were correct, such written statement is competent evidence to go to the jury.”
To like effect is McHugh vs. State, 31 Ala. 317.
The foregoing authorities make it clear that the declaration was in form unobjectionable, and was, consequently, admissible in evidence against the defendant.
That it was written by the attending physician, and the signature of the deceased subsequently appended and authenticated by a justice of the peace, does not militate against it.
The brief of defendant’s counsel is chiefly confined to a discussion of the question of whether a sufficient basis had been laid for the introduction of the declaration, but it is not justified by the record, as it does not appear that this question was either raised or decided in the court below.
Judgment affirmed.